[No. 6,496—In Bank.]

## HENRY LORENZ ET AL. *v.* BARTOL JACOBS ET AL.

PARTITION—WATER DITCH—WATER—LAW OF THE CASE.—In an action for the partition of a water ditch and the water rights appurtenant thereto, the complaint alleged "that the plaintiff and defendants are co-tenants, and own, hold, and are in possession, as tenants in common, of the following described real property, situated in the county of Trinity, and State of California, viz.: A certain water ditch, running from and taking water from Conner Creek, at a point on said creek about forty yards below the site of Bartlett & Evans' sawmill, and running to and conducting the water of said creek to Red Hill, in said county, for mining and other useful purposes, which said ditch was formerly known as the Conner Ditch."

*Held:* Under the decision of *McGillivray* v. *Evans*, 27 Cal. 92, this was a sufficient allegation that the property could not be partitioned in any other manner than by a sale and distribution of the proceeds.

*Held*, further: In view of that decision it was not necessary to introduce evidence that the water in controversy could not be partitioned.

ID.—JURY TRIAL—EQUITY CASE.—*Held*, further: It was optional with the Court to submit or not the issues of fact to a jury, and its refusal to submit them could not be reviewed by this Court.

APPEAL from an interlocutory judgment for the plaintiffs in partition in the Ninth District Court, County of Trinity. ROSBOROUGH, J.

*Burch & Griffith* and *John G. Irwin,* for Appellant.

*C. E. Williams* and *Creed Haymond,* for Respondent.

SHARPSTEIN, J.:

This is an action for partition of a water ditch, known as the Connor ditch, and the water rights appurtenant thereto.

It is averred in the complaint that a partition can not be had of the water running in the ditch of which the parties are alleged to be tenants in common, and the plaintiffs prayed a sale and partition of the prŏceeds thereof. The Court, in an interlocutary decree, from which this appeal is taken, ordered a sale of the property as prayed. The complaint was demurred to by the defendants on the ground that it "does not state facts sufficient to constitute a cause of action," because "said action appears upon the face of the complaint to be for the sale of the property, and not for its partition." In this "statement of the csse" the counsel for appellants remind us that this case is now for the third time on appeal to this Court. 1. In 1863, *McGillivray* v. *Evans et al.,* reported in 27 Cal. 92, *et seq.* 2. *Lorenz et al., Grantees of McGillivray,* v. *Jacobs et al.* (being the same defendants), reported in 53 id. 24. Upon the first appeal it was distinctly held by this Court that the property of which the parties were tenants in common, viz., the water flowing in a ditch, was not susceptible of division, and that the only partition that the Court could make which would definitely and permanently end the dispute of the parties, and do justice between them, was to order a sale and distribute the proceeds. (*McGillivray* v. *Evans, supra.*) The judgment which ordered a partition of the water in that case was reversed, and the cause remanded for a new trial, with a suggestion of the Court that if the pleadings did not present the questions which the parties desired to litigate and have determined, "in view of the fact that a mechanical division of the water cannot be had" * * * "the suit might be dismissed, and another commenced upon another theory." That suggestion appears to

have been followed. That action was dismissed, and this was commenced upon the theory that the relief to which the plaintiffs were entitled was to have the property sold and the proceeds of the sale partitioned between the tenants in common. But the counsel for appellants insist that the complaint does not allege any facts and circumstances "tending to establish the impossibility to divide the whole or some portion of the property without prejudice," and that the omission so to do is a fatal one.

There is an allegation, "that the plaintiffs and defendants are co-tenants, and own, hold, and are in possession, as tenants in common, of the following described real property, situated in the County of Trinity and State of California, viz.: A certain water ditch,· running from and taking water from Conner Creek, at a point on said creek about forty yards below the site of Bartlett and Evans' sawmill, and running to and conducting the water of said creek to Red Hill, in said county, for mining and other useful purposes, which said ditch was formerly known as the Conner ditch."

And it does seem to us under the decision in *McGillivray* v. *Evans, supra,* that this allegation not only tends to establish, but does establish, so far as an allegation can, that the property can not be partitioned in any other manner than by a sale, and distribution of it. To allege more than is alleged upon the subject was, in view of that decision, unnecessary. And this is a complete answer to the objection that there is no evidence tending to prove that the water in controversy can not be partitioned. It is sufficient that it has been settled by a decision of this Court that it can not be.

It was optional with the Court to submit or not the issues of fact to a jury, and its refusal to submit them can not be reviewed by this Court.

We think that the findings are supported by the evidence. Upon some of the facts found the evidence is conflicting, but that would not justify this Court in reversing the judgment, even if we thought that the preponderance was against the facts as found by the Court below.

Judgment and order affirmed.

Morrison, C. J., Thornton, J., McKee, J., and McKinstry, J., concurred.